RECEIVED BY MAIL
MAY 21 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## Southeastern DIVISION

Matthew Glenn Bryant )
)
)
(Write the full name of the plaintiff in this action. )
Include prisoner registration number.) )
)
v. )
County of Cape Girardeau, MO )
Advanced Correctional Healthcare, Inc. )
Charles Pewitt, doctor )
John Jordan, Sheriff, Cape Girardeau County, MO )
Lieutenant Davis, Lieutenant, Cape Girardeau County Jail )
(Write the full name of each defendant. The caption )
must include the names of all of the parties. )
Fed. R. Civ. P. 10(a). Merely listing one party and )
writing "et al." is insufficient. Attach additional )
sheets if necessary.) )

Case No: _____
(to be assigned by Clerk of District Court)

Plaintiff Requests Trial by Jury
☑ Yes   ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

### NOTICE:

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.

I. **The Parties to this Complaint**

A. **The Plaintiff**

Name: Matthew Glenn Bryant

Other names you have used: —

Prisoner Registration Number: #

Current Institution: Cape Girardeau County Jail
216 North Missouri Street
Jackson, MO 63755

Indicate your prisoner status:

[✓] Pretrial detainee           [ ] Convicted and sentenced state prisoner

[ ] Civilly committed detainee  [ ] Convicted and sentenced federal prisoner

[ ] Immigration detainee        [ ] Other (explain): _____

B. **The Defendant(s)**

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: County of Cape Girardeau, MO

Job or Title: County of Cape Girardeau, MO

Badge/Shield Number: —

Employer: County of Cape Girardeau, MO

Address: 216 North Missouri Street, Jackson, MO 63755

___✓___ Individual Capacity         ___✓___ Official Capacity

①

**Defendant 2**
Name: Advanced Correctional Healthcare, Inc.
Job or Title: Advanced Correctional Healthcare, Inc.- Medical Services Provider
Badge/Shield Number: _____
Employer: Cape Girardeau County Jail
Address: 216 North Missouri Street, Jackson, MO 63755
[✓] Individual Capacity       [✓] Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

## I. Jurisdiction And Venue

1. This is a civil action, authorized by 42 USC 1983, to redress the deprivation of rights, under color of state law, secured by the US Constitution, laws, and treaties of the United States. This court has its jurisdiction pursuant to 28 USC 1331 and 1343 (a)(1)-(3). This court is an appropriate venue under 28 USC 1391(b)(1), because it is where the events giving rise to this cause of action occurred. Plaintiff seeks declaratory relief under 28 USC 2201 and 2202. Plaintiff seeks injunctive relief under 28 USC 2283, 2284, and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff seeks damages for civil conspiracy under Missouri law, and under 42 USC 1983. Plaintiff seeks damages for breach of duty/negligence under Missouri law. Plaintiff seeks damages for Intentional Infliction of Emotional Distress under Missouri law. Plaintiff's federal claims are authorized by Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## II. Parties

2. Plaintiff, Matthew Glenn Bryant, is a federal pretrial inmate currently in the custody of the US Marshals Service for the Eastern District of Missouri - Southeastern Division. Plaintiff is currently

(a) being housed at the Cape Girardeau County Jail. Address: 216 North Missouri Street, Jackson, MO 63755.

3. Defendant, County of Cape Girardeau, MO, is located at: 216 North Missouri Street, Jackson, MO 63755.

4. Defendant, Advanced Correctional Healthcare, Inc, is located at: 216 North Missouri Street, Jackson, MO 63755.

5. Defendant, Charles Pewitt, is a doctor (contract doctor) employed by Advanced Correctional Healthcare, Inc. Address: 216 North Missouri Street, Jackson, MO 63755.

6. Defendant, John Jordan, is the Sheriff of Cape Girardeau County, MO. Address: 216 North Missouri Street, Jackson, MO 63755.

7. Defendant, Lieutenant Davis, is the Lieutenant at the Cape Girardeau County Jail. Address: 216 North Missouri Street, Jackson, MO 63755.

8. Defendant, James Mulcahy, is the Captain/Jail Administrator at the Cape Girardeau County Jail. Address: 216 North Missouri Street, Jackson, MO 63755.

9. Defendant, Ruth Ann Dickerson is the Captain of Business Operations at the Cape Girardeau County Jail. Address: 216 North Missouri Street, Jackson, MO 63755.

10. Defendant, Nurse _____ Charlotte _____ is a Nurse, employed by Advanced Correctional Healthcare, Inc., at the Cape Girardeau County Jail. Address: 216 North Missouri Street, Jackson, MO 63755.

11. Defendant, Ned Boyd, is a US Marshal for the Eastern District of Missouri - Southeastern Division. Address: 555 Independence Street, Cape Girardeau, MO 63701.

---

12. At all times mentioned herein, each defendant acted under the color of state law, and the color of federal law. Each defendant is being sued in his/her individual capacity for monetary relief and in his/her official capacity for injunctive relief.

### III. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____
_____
_____
_____

4

## III.A. Statement of Claim

13. Plaintiff, Matthew Glenn Bryant, is a federal pretrial inmate currently being held at the Cape Girardeau County Jail, in the custody of the US Marshals for the Eastern District of Missouri - Southeastern Division. Plaintiff arrived at this jail on or around December 6, 2017, on a Writ from the Missouri Department of Corrections. Prior to my incarceration, I had been taking 4 different medications: Depakote, used to combat bipolar disorder, which I've been taking since 2006, when I was 20 years old; Xanax, a narcotic, used to control, amongst other things, anxiety, which I've been taking since 2013; Zoloft, used to combat depression, which I've been taking since I was 10 years old; and Adderol, used to combat Attention Deficit Hypertension Disorder ("ADHD"), which I've been taking since I was 12 years old. I am currently 32 years old, and I was born in 1986.

14. Before my current incarceration, my primary doctor was Dr. Grey, a doctor with the Draves Family Medical Center in Festus, MO. Dr. Grey has all of my medical records, and is familiar with my history of mental illness. Dr. Grey wrote all of my prescriptions for me, and I went to "The Medicine Shoppe" in Desoto, MO, a well-known pharmacy, to get my prescriptions filled. Jefferson Regional Hospital, now Mercy Hospital, in Festus, MO, also has my medical records as well.

15. Since I was a child, I have struggled with numerous mental/psychological illnesses, the most common being depression, which I started experiencing at the age of 10 years old, Attention Deficit Hypertension Disorder ("ADHD"), which I started experiencing at 12 years old, bipolar disorder at the age of 20 years old, and extreme anxiety in 2013. While on the streets, I was beginning to have thoughts of committing suicide, and at one point I did attempt to kill myself. However, when I began taking Depakote for bipolar disorder, Xanax for anxiety, Zoloft for depression, and Adderol for ADHD, my suicidal tendencies gradually decreased over time. I then began using marijuana when I was 13, methamphetamine when I was 14 years

④

old, and after that I began using a little of everything. I've been using drugs ever since then, and I've tried to stop on numerous occasions. The illegal drugs that I have used, in combination with the legal prescription drugs I've used, have only exacerbated my psychological illnesses I suffer from. Every day I wake up, it's a struggle for me to get out of bed, because I'm constantly depressed, anxious, sad, angry, — all at once. I snap out at everyone, I've lost several pounds of weight, I sweat frequently, urinate frequency, and my appetite is slowly diminishing, all because the defendants have refused to give me my medications.

16. On 12/6/2017, I was brought to the Cape Girardeau County Jail, and placed in the custody of the US Marshals. Cape Girardeau County Jail contracts out its healthcare for inmates, to a well-known company called Advanced Correctional Healthcare, Inc. Sheriff John Jordan and Captain James Mulcahy, are jointly responsible for setting the jail's policies with regard to the provision of food, medical care, clothing, hygiene, etc, and are responsible for ensuring that the policies are enforced by their subordinates. The jail does not have any full-time or part-time counselors or psychologists on staff to provide inmates who suffer from mental illnesses, the necessary treatment, nor does the jail have substance abuse counselors and/or programs in place to monitor inmates who come into the jail and suffer from addiction to drugs and alcohol, despite the fact that 75% of inmates detained in most jails suffer from addiction. The jail does have the funding to hire counselors, psychologists, and substance abuse counselors, and to put substance abuse programs in place, but has not done so, at the behest of Jordan, Mulcahy, Davis, and Dickerson, the chief policymakers and policy enforcers at the jail.

17. On 12/6/2017, I was "booked" in by officer Salvatore. When he booked me in, I told him that I suffer from bipolar disorder, anxiety, depression, and ADHD, and that I needed to see a psychologist or psychiatrist immediately. Instead of providing me with medical attention, he completely ignored me, and sent me to a pod. Since I've been in E pod, I

(5)

have continued to suffer from anxiety, depression, and bipolar disorder, and my symptoms are getting much worser. Around January of 2018, I requested to be provided Depakote, Xanax, Zoloft, and Adderal from Nurse Charlotte _____. I told her that I was having not only problems sleeping, eating, cold sweats, and withdrawal symptoms, but also suicidal thoughts. Instead of getting me immediate medical attention, she simply laughed at me and told me, "well, just don't kill yourself. Get plenty of rest, and drink water, and you will be fine."

### III.B. Statement of Claim – The Corrections Officers Role In Suicide Prevention / Mental Health Screening of Inmates

18. The Cape Girardeau County Jail does NOT provide suicide prevention training to any of its employees, nor does it provide mental health/substance abuse screening training to any of its employees. Not only that, the County of Cape Girardeau, MO, via Sheriff John Jordan, Chief Policymaker for the Cape Girardeau County Jail, does not provide mental health screening on inmates being booked in the jail, nor training to employees on how to even identify inmates with serious mental health issues. The jail does not have a suicide prevention policy in place, and if it does, it is completely inadequate in preventing suicides in the jail, which are frequent, as well as attempted suicides. Not only that, numerous inmates, like me, suffer from serious mental health issues, and we cannot get the necessary treatment we need because the jail has no psychologists, psychiatrists, or counselors on call, or available part-time or full time.

19. Since I've been at the jail, I've made attempts to commit suicide, by cutting myself with a razor, trying to drown myself in toilet water, going on hunger strikes in the pod, etc. Defendants, Mulcahy, Dickerson, Stevens, Boliva, Cato, Carr, Umphlett, Friedrich, Pullom, Ray, Golden, S. Surface, A. Surface, A. Clark, Williams, Motley, Hicks, Crites, Ladner, Stevens, Stewart, and Lincoln, on both joint and separate occasions, became aware that I was now


(6)

only suffering from anxiety, depression, ADHD, and bipolar disorder, but also that I was trying to commit suicide. These corporals and officers, sergeants, lieutenants, and even Captain Mulcahy, laughed at me, and ignored my request for help. I sent in numerous grievances, but they went unanswered and ignored. When an inmate hands an officer a paper grievance, the officer or shift supervisor is supposed to review the grievance to see what the issue is and respond to it. On several occasions in January, February, March, April, and even in May, on both first and second shift, I handed grievances and requests to Umphlett, Cato, Carr, Friedrich, Clark, Pullom, Ray, Golden, S. Surface, A. Surface, Williams, Muttey, Hicks, Crites, Ladner, Stewart, and I even addressed some of these to Captain Mulcahy, Lieutenant Davis, and Captain Dickerson. However, even after taking these grievances and requests from me during block walk, and when they passed out food trays, they would merely laugh at me when I told them I needed my meds and I was suicidal. On several occasions, they would walk by, and see me trying to drown myself in the toilet by sticking my head in the water, or see me with a sheet tied around my neck, but simply laughed at me and told me, "don't kill yourself." Nurse Charlotte told me that Ned Boyd denied my request for Xanax, Depakote, Zoloft, and Adderol.

20. Recently, I went to federal court to enter a plea of guilty to the crime I have been charged with. See USA v. Matthew Bryant, case #_____. In open court, I told US District Judge John A. Ross, the federal judge assigned to my case, that I needed my "psych" meds. Judge Ross told me that it would be the responsibility of the US Marshals Service for the Eastern District of Missouri - Southeastern Division - to ensure that I not only undergo a psychiatric evaluation, but that I also receive my psych meds. Despite this, Ned Boyd told Charlotte to not give me Xanax, Depakote, Zoloft or Adderol, according to Charlotte. The US Marshals are responsible for paying the medical cost of inmates housed in jails that have a contract with the US Marshals, if they are federal pretrial detainees. Before emergency medical services can be provided to federal pretrial detainees except "ambulatory" services (life threatening conditions, e.g. heart attacks, stroke, etc.), the jail refers the request for specific medications to the US Marshals, most often to US Marshal Ned


(7)

Boyd. According to Nurse Charlotte, Ned Boyd told her not to give me any of the meds that are medically necessary, despite Judge Ross's explicit order that I be given a psychiatric evaluation, and I be put back on my medications. Not only that, Charles Pewitt, a doctor who works for Advanced Correctional Healthcare, Inc, also told me he would not approve my request for my medications.

21. Advanced Correctional Healthcare, Inc., under its contract with the County of Cape Girardeau, MO, is responsible for crafting numerous policies and medical programs at the jail, including a suicide prevention policy, mental health screening training to employees hired at the jail, and a substance abuse prevention program for inmates. However, Advanced Correctional Healthcare has failed to do this, which has led to increased suicides at the jail, numerous attempted suicides and increased and prolonged mental pain and suffering of inmates who suffer from addiction to drugs/alcohol, and who also suffer from some of the same illnesses as the plaintiff. This blatant refusal to install/craft programs to remedy these issues has been a longstanding "custom" of Advanced Correctional Healthcare, Inc., which has had its contract with the jail for over a decade. Sheriff John Jordan and Dickerson have endorsed and approved of this longstanding custom.

## IV. Legal Claims

22. Plaintiff, Matthew Glenn Bryant, contends that Pewitt, Umphlett, Carr, Williams, Davis, Mulcahy, Dickerson, Cates, Ladner, Stewart, Salvatore, Pullum, Golden, Lincoln, Ray, Hawkins, A. Surface, S. Surface, Bolivar, Motley, Lincoln, and Stevens, all violated the plaintiff's Fourteenth Amendment rights under the U.S. Constitution, as a pretrial detainee, when they failed to protect the plaintiff from attempting to commit suicide, and when they failed to provide plaintiff with any mental health treatment and substance abuse treatment. Plaintiff realleges and reincorporates by reference paragraphs 13-21.

23. Prisoners and pretrial inmates are protected under the U.S. Constitution from a state actor's deliberate indifference towards the inmate's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104, 99 S.Ct. 285, 50 L.Ed. 2d 251 (1976); Davis v. Oregon County, MO,

⑧

607 F.3d 543, 548 (8th Cir. 2010). "Deliberate indifference has both an objective and a subjective component." Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006). The objective component requires a plaintiff to demonstrate an objectively serious medical need. Grayson v. Ross, 454 F.3d 802, 808-09 (8th Cir. 2006); Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997). The subjective component requires a plaintiff to demonstrate/show that the defendant actually knew of, but deliberately disregarded, such need. Grayson, 454 F.3d at 808; Moore, 123 F.3d at 1086. Here, the individual defendants knew that plaintiff suffered from ADHD, Anxiety, depression, bipolar disorder, and that plaintiff was a suicide risk inmate, because Salvatore had verbally relayed this information to numerous officers, corporals, lieutenant Davis, and Sargeant Hicks on several occasions, during her shifts. These same defendants also saw plaintiff on multiple occasions, attempting to kill himself, and plaintiff, on numerous occasions told these same defendants, including Nurse Charlotte, that he suffered from numerous mental health illnesses, including withdrawals from weed, crack, methamphetamine, and numerous other illegal controlled substances. It was obvious, or should have been, to these same defendants, that plaintiff was suffering from withdrawals and needed substance abuse treatment, and mental health treatment, but they deliberately disregarded plaintiff on every occasion. Nurse Charlotte, Dr. Pewitt, and Ned Boyd violated plaintiff's Fourteenth Amendment rights by denying plaintiff's request for Xanax, Depakote, Zoloft, and Adderal, all medications that are medically necessary to combat plaintiff's numerous mental illnesses, and medications that even U.S District Judge John A. Ross told the U.S Marshals to provide to plaintiff.

24. Plaintiff brings a "Monell" claim against Advanced Correctional Healthcare, Inc., and an individual Fourteenth Amendment claim against Advanced Correctional Healthcare, Inc, for being deliberately indifferent to plaintiff's serious medical needs by having a policy of providing no suicide prevention, mental health screening training, and substance abuse training to employees, failing to supervise employees, and failing to put in procedural safeguards to

(9)

monitor suicide risk inmates at the Cape Girardeau County Jail, all in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff realleges and reincorporates by reference paragraphs 13-21.

25. Plaintiff contends that the County of Cape Girardeau, MO, and Sheriff John Jordan in his official capacity, as Sheriff, espoused a policy of deliberate indifference towards the plaintiff and other suicide risk inmates, by failing to provide training and supervision of employees to handle inmates with mental health illness, substance abuse problems, and suicide risk inmates, and allowing an unwritten policy of employees mishandling, ignoring, and mistreating suicide risk inmates, all in violation of the Fourteenth Amendment. Plaintiff realleges and reincorporates by reference paragraphs 13-21. This claim is being brought as an official capacity "Monell" claim, for damages, against the County of Cape Girardeau, MO, and Sheriff Richard Watson, in their official capacities. A plaintiff raising a municipal liability claim under 42 USC 1983, must demonstrate that the alleged federal violation occurred because of a municipal policy or custom. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018. As plaintiff stated earlier, the constitutional violations occurred because of policies in place at the Cape Girardeau County Jail.

26. Plaintiff brings a civil conspiracy claim under 42 USC 1983, and Missouri law, against Umphlett, Mulcahy, Dickerson, Davis, Crites, Carr, Ladner, Hicks, Clark, Pillom, Golden, A. Surface, S. Surface, Motley, Williams, Salvatore, Stevens, Hawkins, Boliva, Lincoln, Ray, and Friedrich, for knowingly agreeing with each other to deny me treatment for suicidal ideation, substance abuse, and agreeing to deny me psychiatric/psychological treatment for my various mental illnesses. This conspiracy claim is being brought against Nurse Charlotte, Ned Boyd, and Dr. Pewitt, for agreeing with each other to deny me Xanax, Depakote, Zoloft, and Adderol. Lastly, the state and federal civil conspiracy claims are brought against Charlotte, Pewitt, and Advanced Correctional Healthcare, Inc, for also agreeing to deny

(10)

me medically necessary psychotropic medications. Plaintiff realleges and reincorporates by reference paragraphs 13-21. The elements of a civil conspiracy claim under 42 USC 1983 are the same as a state law civil conspiracy claim. To demonstrate a civil conspiracy, a plaintiff must show: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) plaintiff was thereby damaged." Western Blue, Co., LLC v. Roberts, 367 S.W.3d 7, 22 (Mo. Banc 2012). The allegations in the complaint are sufficient to demonstrate a civil conspiracy between the defendants.

27. Plaintiff brings a state law claim of breach of duty/negligence against Ned Boyd, Nurse Charlotte, Dr. Pewitt, and Advanced Correctional Healthcare, Inc., for breaching their duty to provide plaintiff with Xanax, Depakote, Zoloft, Adderol, as stated in the complaint. Furthermore, this breach of duty claim is being brought against Umphlett, Carr, Hawkins, Williams, Crites, Lachner, Hicks, Davis, Mulcahy, Dickerson, Pullom, Golden, S. Surface, A. Surface, Friedrich, Ray, Clark, Bolivar, Stevens, Stewart, Lincoln, Motley, and Salvature, for denying plaintiff treatment for his suicidal tendencies, denying plaintiff substance abuse treatment for his addiction, and for denying plaintiff treatment for his mental health illnesses as stated in the complaint. Plaintiff realleges and reincorporates by reference paragraphs 13-21.

28. Plaintiff brings a claim of Intentional Infliction of Emotional Distress against all of the individual defendants, as well as the County of Cape Girardeau, MO, and Advanced Correctional Healthcare, Inc., for denying plaintiff treatment for suicidal ideation, amongst other things, as plaintiff stated in the complaint. Plaintiff contends that the defendants all intended to inflict extreme emotional distress, which the plaintiff suffered as a result.



## IV. Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments. Do not cite any cases or statutes. If you are requesting money damages, include the amounts of any actual damages and/or punitive damages you are claiming. Explain why you believe you are entitled to recover those damages. Plaintiff respectfully requests this court to GRANT him the following relief to which he may be entitled: (A) A declaration that the acts/omissions of the defendants violated the US Constitution, laws, and treaties of the United States; (B) A preliminary injunction ORDERING defendants to provide plaintiff with Xanax, Depakote, Zoloft, and Adderol, and ordering them to take measures to provide plaintiff and other suicide risk inmates with suicide prevention treatment, treatment for mental health illnesses, and substance abuse treatment; (C) Nominal damages - $100.00; (D) Compensatory damages - $500,000.00; (E) Punitive damages - $1,000,000.00; (F) A jury trial on all issues triable by a jury; (G) All other necessary and appropriate monetary and equitable relief.

## V. Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes      ☐ No

If yes, name the jail, prison or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

Cape Girardeau County Jail (Missouri)

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes      ☐ No      ☐ Do not know

C. If yes, does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes      ☐ No      ☐ Do not know

5

If yes, which claim(s)? All of them

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes  ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes  ☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

At the Cape Girardeau County Jail

2. What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

I stated that my Due Process rights were being violated by the jail's refusal to provide me with medications and treatment for suicidal tendencies, mental health treatment, and substance abuse treatment

3. What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

I never received responses on ANY of my paper grievances, so I filed an "Officer Complaint" form and on 5/15/2018, someone came over my intercom in my cell and told me to "take it up with medical"

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

There is no appeal process but I never received responses to my grievances anyway



F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:



2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:



G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.



(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)



## VI. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   A.   To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

   ☐ Yes   ☒ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   ☐ Yes   ☒ No

   B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

   1.   Parties to the previous lawsuit

        Plaintiff _____

        Defendant(s) _____

   2.   Court (*if federal court, name the district; if state court, name the state and county*)

   3.   Docket or case number _____

   4.   Name of Judge assigned to your case _____

8

5. Approximate date of filing lawsuit _____

6. Is the case still pending?

   ☐ Yes

   ☐ No (*If no, give the approximate date of disposition*):_____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)


C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   ☐ Yes          ☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1. Parties to the previous lawsuit

   Plaintiff_____

   Defendant(s) _____

2. Court (*if federal court, name the district; if state court, name the state and county*)


3. Docket or case number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending?

   ☐ Yes

   ☐ No (*If no, give the approximate date of disposition*):_____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

XX Signed this 15 day of MAY, 20 18.

XX Signature of Plaintiff  *Matthew Glenn Bryant*

10