UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MATTHEW GLENN BRYANT, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:18-CV-117-RLW |
| COUNTY OF CAPE GIRARDEAU, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of pro se plaintiff Matthew Glenn Bryant, an inmate currently incarcerated at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in the district court without prepaying fees or costs. Although the form states that an inmate must submit a certified prison account statement, plaintiff states the Cape Girardeau County Jail does not provide inmates with copies of their account balances. In his affidavit, however, he states that he has no job, no income, no assets, and no money in his prison account. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Tabor*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the following officials working at the Cape Girardeau County Jail: John Jordan, Sheriff; Unknown Davis, Lieutenant; James Mulcahy, Captain; Ruth Ann Dickerson, Captain of Business Operations; R. Umphlett, Corrections Officer ("CO"); B. Friedrich, CO; S. Pullom, CO; C. Ray, CO; M. Golden, CO; S. Surface, CO; A. Clark, CO; Anthony Boliva, CO; A. Surface, CO; Unknown Carr, CO; R. Williams, CO; K. Hicks, Sergeant; W. Crites, Corporal; Unknown Ladner, Corporal; Todd Stevens, CO; Unknown Stewart, Corporal; Unknown Lincoln, CO; T. Motley, CO; Unknown Salvatore, CO; and Unknown Hawkins, CO. Additionally, plaintiff names as defendant Advanced Correctional Healthcare, Inc., which provides medical care to inmates at the Cape Girardeau County Jail, and its employees Dr. Charles Pewitt and Nurse Charlotte Unknown. Plaintiff also brings claims against defendant Cape Girardeau County, Missouri. Finally, plaintiff names U.S. Marshal Ned Boyd as a defendant.

At the time of the allegations, plaintiff was a federal pretrial inmate being housed at the Cape Girardeau County Jail. Prior to his incarceration, he had been taking four medications for

various mental illnesses: Depakote, Xanax, Zoloft, and Adderall. He had been taking these medications for many years, some for more than a decade.

Plaintiff alleges that he was brought to the Cape Girardeau County Jail on December 6, 2017, and placed in the custody of the United States Marshals. He alleges the jail contracts with Advanced Correctional Healthcare, Inc. to provide medical care to its inmates. Plaintiff states that when he was booked, he told the booking officer that he suffered from bipolar disorder, anxiety, depression, and ADHD, and that he needed to see a psychologist or psychiatrist immediately. He said his request was ignored. He states that in January 2018, he requested Depakote, Xanax, Zoloft, and Adderall from Nurse Charlotte [Unknown], and she laughed at him and told him, "well just don't kill yourself and get plenty of rest, and drink water, and you will be fine."

Plaintiff alleges the jail does not provide suicide prevention training to its employees, does not provide mental health or substance abuse screening to it employees, and does not have a suicide prevention policy in place. He states the jail has no psychologists, psychiatrists, or counselors on call or available.

> Since I've been at the jail, I've made attempts to commit suicide by cutting myself with a razor, trying to drown myself in toilet water, going on hunger strikes in the pod, etc. Defendants Mulcahy, Dickerson, Stevens, Boliva, Cato, Carr, Umphlett, Friedrich, Pullom, Ray, Golden, S. Surface, A. Surface, A. Clark, Williams, Motley, Hicks, Crites, Ladner, Stevens, Stewart, and Lincoln on both joint and separate occasions, became aware that I was not only suffering from anxiety, depression, ADHD, and bipolar disorders, but also that I was trying to commit suicide.

Plaintiff states that "on several occasions, they would walk by, and see me trying to drown myself in the toilet by sticking my head in the water, or see me with a sheet tied around my neck, but simply laughed at me and told me, 'don't kill yourself.' Nurse Charlotte told me that Ned Boyd denied my request for Xanax, Depakote, Zoloft, and Adderall."

## Discussion

Plaintiff's allegations under 42 U.S.C. § 1983 alleging constitutional violations arising out of the lack of medical care, including mental health care, at the Cape Girardeau County Jail survive initial review. Plaintiff states that the Cape Girardeau County Jail contracts with Advanced Correctional Healthcare, Inc. to provide medical services, but these services apparently do not include any mental health services. Plaintiff states that the Cape Girardeau County Jail has no policy in place for the protection of inmates classified as suicide risks.

Plaintiff lists as defendants twenty-seven individuals involved in either his medical care or in his custody at Cape Girardeau County Jail. He also lists as defendants Cape Girardeau County and Advanced Medical Care, Inc. With respect to his § 1983 claims alleging deliberate indifference to a serious medical need, the Court will address first the individual defendants and then the entities. The Court will then address plaintiff's miscellaneous causes of action under Missouri law.

(A)  The Individual Defendants

Plaintiff alleges defendants Nurse Charlotte [Unknown] and Dr. Pewitt refused to prescribe plaintiff medication for his mental health disorders. Plaintiff alleges he had been prescribed Depakote, Xanax, Zoloft, and Adderall for many years prior to his incarceration, but was refused these medications and refused treatment by Nurse Charlotte and Dr. Pewitt upon entering Cape Girardeau County Jail. Liberally construed, plaintiff's claims for failure to treat his serious medical need survive initial review under 28 U.S.C. § 1915(e). The Court will issue process on these individual medical care providers in their individual capacities.

Plaintiff alleges U.S. Marshal Ned Boyd issued the directive to Nurse Charlotte [Unknown] and Dr. Pewitt to refuse to provide plaintiff his medications. "[T]he jail refers the

request for specific medications to the U.S. Marshals, most often to U.S. Marshal Ned Boyd. According to Nurse Charlotte, Ned Boyd told her not to give me any of the meds that are medically necessary." Liberally construed, plaintiff's claim against defendant Boyd survives initial review, and the Court will issue process on him.

Additionally, plaintiff alleges that defendants Mulcahy, Dickerson, Umphlett, Friedrich, Pullom, Ray, Golden, S. Surface, Clark, Boliva, A. Surface, Carr, Williams, Hicks, Crites, Ladner, Stevens, Stewart, Lincoln, Motley, Salvatore, and Hawkins knew plaintiff was a suicide risk and failed to protect plaintiff from attempting to commit suicide. Plaintiff stated that on several occasions, these defendants "would walk by, and see me trying to drown myself in the toilet by sticking my head in the water, or see me with a sheet tied around my neck, but simply laughed at me and told me, 'don't kill yourself.'" Carefully reviewed and liberally construed, plaintiff has stated plausible claims against these defendants in their individual capacities. *See, e.g., Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir. 1998) ("[O]nce one is classified as a suicide risk, the right to be protected from that risk would seem to fall under the ambit of the right to have medical needs addressed."); *Bell v. Stigers*, 937 F.2d 1340, 1343 (8th Cir. 1991) (inmate suicides analyzed as the jailer's failure to provide appropriate medical care). The Court will order process to issue on these defendants in their individual capacities on plaintiff's claims that they were deliberately indifferent to his serious medical need.

(B)     Liability of the Sheriff and Lieutenant of Cape Girardeau County

Plaintiff's allegations against Sheriff John Jordan and Lieutenant Unknown Davis sound in respondeat superior. Plaintiff does not allege that Jordan or Davis were causally linked to, or that they bore any personal responsibility for, plaintiff's alleged denial of medical care at the Cape Girardeau County Jail. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208

(8th Cir. 1990). Plaintiff's claims against Sheriff Jordan and Lieutenant Davis sound in respondeat superior and are not cognizable under § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). The Court will dismiss these defendants without prejudice.

(C) <u>Liability of Cape Girardeau County and Advanced Correctional Healthcare, Inc.</u>

Under § 1983, "a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality." *Yellow Horse v. Pennington Cty.*, 225 F.3d 923, 928 (8th Cir. 2000). Plaintiff has alleged that Cape Girardeau County has no policy in place for handling suicide risks and mental health screening and treatment at the Cape Girardeau County Jail. For purposes of initial review, the Court will allow plaintiff's claims against Cape Girardeau County to proceed. *See, e.g., Hawkins v. County of Lincoln*, 785 F. Supp. 2d 781, 788-790 (8th Cir. 2011) (finding an issue of fact as to whether Lincoln County failed to have a specific policy for determining when an inmate can be removed from suicide watch and placed in a situation that may increase the likelihood of suicide attempt). It is plausible that Cape Girardeau County's alleged lack of a policy for suicide prevention and mental health treatment at the Cape Girardeau County Jail caused plaintiff's alleged constitutional violations.

Similarly, plaintiff alleges defendant Advanced Correctional Healthcare, Inc. is responsible for having medical policies and programs at the Cape Girardeau County Jail, including a suicide prevention policy and mental health screening. Plaintiff alleges Advanced Correctional Healthcare, Inc. has no provisions for mental health screenings or suicide prevention. Because of this lack of a policy, plaintiff alleges his constitutional rights were violated. Because the complaint alleges that a lack of a policy or custom of Advanced Correctional Healthcare, Inc. was responsible for the alleged violations of plaintiff's constitutional rights, plaintiff has stated a claim against this entity that survives initial review.

(D) <u>Civil Conspiracy</u>

Plaintiff brings a claim for civil conspiracy under Missouri state law and 42 U.S.C. § 1983. To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (*quoting White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.*

Here, plaintiff has failed to plead a meeting of the minds among the alleged conspirators. The complaint lacks any factual detail indicating that defendants conspired with each other or to deny plaintiff medical care. Without further facts implying that defendants agreed to deprive him of any constitutional rights, plaintiff fails to state a claim for civil conspiracy under 42 U.S.C. § 1983 and Missouri state law.

(E) <u>Breach of Duty/Negligence under Missouri State Law</u>

Plaintiff seeks to bring a claim of medical negligence under Missouri law against the medical defendants in this case. To state a claim of medical negligence, also referred to as medical malpractice, plaintiff must allege the following three elements: (1) an act or omission of the defendant failed to meet the requisite medical standard of care; (2) the act or omission was performed negligently, and (3) the act or omission caused plaintiff's injury. *See Mueller v. Bauer*, 54 S.W.3d 652, 656 (Mo. Ct. App. 2001). Under Missouri Revised Statute § 538.005, however, plaintiff's complaint must be accompanied by an affidavit from a legally qualified health care provider stating his or her opinion that the defendant was negligent. *See* Mo. Rev.

Stat. § 538.225.1. Such an affidavit must be filed no later than ninety days after filing the complaint. *Id.* Because plaintiff has not filed any health care affidavit under Missouri law, the Court will dismiss his state law medical negligence claims without prejudice. *See* Mo. Rev. Stat. § 538.225.6.

(F) <u>Intentional Infliction of Emotional Distress</u>

Under Missouri law, the tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "Although case law does not provide us with a precise definition of extreme and outrageous, the test adopted by Missouri courts for actionable conduct is that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Additionally, the conduct must be "intended *only* to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (emphasis added).

Here, plaintiff has not alleged, and the facts do not support, that defendants' sole purpose in their conduct was to cause emotional distress to plaintiff. Additionally, the Court does not find defendants' conduct so "outrageous in character" and "extreme in degree, as to go beyond all possible bounds of decency." For these reasons, the Court cannot find that plaintiff's allegations plausibly state a claim for intentional infliction of emotional distress under Missouri state law.

(G) <u>Motion to Appoint Counsel</u>

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to

appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

    (H)    Motion for Preliminary Injunction

Plaintiff is no longer an inmate at the Cape Girardeau County Jail, and therefore the Court will deny as moot his motion for a preliminary injunction. *See Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009) (finding prisoner's claims for injunctive and declaratory relief moot once prisoner has been transferred to a new correctional facility); *Pratt v. Corr. Corp. of Am.*, 267 F. App'x. 482 (8th Cir. 2008); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir.1999).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2] Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived at this time.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint on defendants the County of Cape Girardeau; Advanced Correctional Healthcare, Inc.; Dr. Charles Pewitt; James Mulcahy; Ruth Ann Dickerson; Nurse Charlotte [Unknown]; U.S. Marshal Ned Boyd; R. Umphlett; B. Friedrich; S. Pullom; C. Ray; M. Golden; S. Surface; A. Clark; Anthony Boliva; A. Surface; Unknown Carr; R. Williams; K. Hicks; W. Crites; Unknown Ladner; Todd Stevens; Unknown Stewart; Unknown Lincoln; T. Motley; Unknown Salvatore; and Unknown Hawkins.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Sheriff John Jordan and Lieutenant Unknown Davis are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims of breach of duty/medical negligence and intentional infliction of emotional distress under Missouri law are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims of civil conspiracy are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED as moot**. [ECF No. 4]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 27th day of November, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE