UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MATTHEW GLENN BRYANT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:18-CV-117 RLW |
| COUNTY OF CAPE GIRARDEAU, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon defendant U.S. Marshal Ned Boyd's motion to dismiss and motion to stay or limit discovery. For the reasons discussed below, the motions will be denied.

**Background**

*Pro se* plaintiff Matthew Glenn Bryant, an inmate currently incarcerated at Farmington Correctional Center ("FCC"), brought this action pursuant to 42 U.S.C. § 1983 against twenty-nine defendants. Plaintiff has a history of mental illness and has taken prescription medications to treat multiple mental health problems for most of his life. His complaint focuses on the lack of mental health treatment and medications he received while incarcerated at the Cape Girardeau County Jail, in the custody of the U.S. Marshals, starting in December 2017. Plaintiff was being held on a charge of use of interstate commerce facilities in the commission of murder for hire. On March 22, 2018, he pled guilty to the charge and he was eventually sentenced to ninety-six (96) months imprisonment. *See U.S. v. Bryant*, No. 1:17-CR-94 JAR (E.D. Mo. Oct. 20, 2017).

Upon initial review under 28 U.S.C. § 1915(e)(2)(B), this Court found that plaintiff's § 1983 claims alleging deliberate indifference to a serious medical need survived review as to many defendants, including defendant Ned Boyd. *See* ECF No. 9. This is the only claim that

remains pending against defendant Boyd in this suit.

## The Complaint

Plaintiff alleges that Boyd specifically denied his requests for medication: "Nurse Charlotte told me that Ned Boyd denied my request for Xanax, Depakote, Zoloft, and Adderall." ECF No. 1 at 8. Plaintiff explains the context of Boyd's denial as follows:

> Recently, I went to federal court to enter a plea of guilty to the crime I have been charged with. ... In open court, I told U.S. District Judge John A. Ross, the federal judge assigned to my case, that I needed my "psych" meds. Judge Ross told me that it would be the responsibility of the U.S. Marshal Service for the Eastern District of Missouri - Southeastern Division – to ensure that I not only undergo a psychiatric evaluation but that I also receive my psych meds. Despite this, Ned Boyd told Charlotte to not give me Xanax, Depakote, Zoloft, or Adderall, according to Charlotte. ... [T]he jail refers the request for specific medications to the US Marshals, most often to US Marshal Ned Boyd. According to Nurse Charlotte, Ned Boyd told her not to give me any of the meds that are medically necessary, despite Jude Ross's explicit order that I be given a psychiatric evaluation and I be put back on my medications.

*Id.* at 8-9. Plaintiff alleges that Boyd violated his Fourteenth Amendment rights by denying his request for medications "that are medically necessary to combat [his] numerous mental illnesses, and medications that even US District Judge John A. Ross told the US Marshals to provide to [him]." *Id.* at 10.

In the criminal case referenced by plaintiff in his complaint, the following statements were made by the Honorable U.S. District Court Judge John A. Ross after acceptance of plaintiff's guilty plea:

> One other thing that I'll ask you is it's probably going to be necessary since Mr. Bryant hasn't had medication in some time that he see a psychiatrist to determine if he needs medication while he's incarcerated. If you'll talk to [plaintiff's counsel], we'll figure that out.
>
> And, [plaintiff's counsel], if you can talk to the marshals just to see if we can facilitate that. I understand that there have been some issues with Cape County, and we'll try and sort through those.

> I do want to have you see a mental health professional so that we can make sure that you get whatever medication you need, and if you need some kind of order from me, you can let me know, but I'm sure the marshals are going to try to help you with that as well.[1]

*U.S. v. Bryant*, No. 1:17-CR-94-JAR (E.D. Mo. Oct. 20, 2017), ECF No. 46 at 25-26.

## Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "If the essence of an allegation is discernible . . . then the

---

[1] Although this exact dialogue was not included in plaintiff's complaint – instead plaintiff summarized the statements made by Judge Ross – defendant Boyd acknowledges in his memorandum in support of his motion to dismiss that the Court can consider matters of public record as part of a motion to dismiss. *See* ECF No. 69 at 6 n.3.

3

district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

Defendant Boyd seeks dismissal of the claims against him based on two arguments: (1) failure to state a claim for deliberate indifference under Rule 12(b)(6); and/or (2) the defense of qualified immunity.

*Legal Standards*

In order to state a claim for inadequate medical care under the Eighth or Fourteenth Amendment, a prisoner or detainee must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. at 106; *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). A claim of deliberate indifference involves both an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). The plaintiff must demonstrate (1) that he suffered an objectively serious medical need, and (2) the defendant actually knew of but deliberately disregarded that need. *Id.* A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted). Deliberate indifference may be found when prison officials intentionally deny or delay access to medical care. *Estelle*, 429 U.S. at 104–05.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The shield of qualified

immunity applies irrespective of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (*quoting Groh v. Ramirez*, 540 U.S. 551, 567 (2004)). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).

*Arguments of the Parties*

To support his arguments for both Rule 12(b)(6) dismissal and for the protection of qualified immunity, defendant Boyd relies on the assertion that plaintiff fails to establish the subjective component required for an Eighth Amendment deliberate indifference claim. Boyd does not contest that plaintiff has established the objective component of the deliberate indifference standard, but argues that plaintiff fails to show that Boyd subjectively knew of a risk to plaintiff's health or safety. As for Nurse Charlotte's statements to plaintiff about Boyd's denial of medications, Boyd argues that these "second-hand hearsay statements ... are insufficient to show that Officer Boyd had personal knowledge about Plaintiff's mental health issues to satisfy the subjective component for deliberate indifference." ECF No. 69 at 9-10 n.4. Boyd also does not contest that plaintiff's right to be free of deliberately indifferent medical care was "clearly established" at the time of suit; however, he argues that he is shielded by the defense of qualified immunity because plaintiff fails to show that Boyd violated a Constitutional right of plaintiff's.

Plaintiff responds that defendant Boyd was directly and clearly notified of the risk to plaintiff's health and safety because "Mr. Boyd was present in the Court when it was ordered that the U.S. Marshals have the plaintiff seen by a psychiatrist so that he could be placed back on

5

psychological medication." ECF No. 91 at 2-3. According to plaintiff, he was in the custody of the U.S. Marshals at the time in dispute, therefore Boyd "had absolute custody ... and control of [plaintiff's] healthcare." *Id.* at 2.

In Boyd's reply in support of his motion to dismiss, he asserts that plaintiff's statement about Boyd being present in the courtroom is a new factual allegation that the Court should not consider because it was not in the complaint. Specifically, Boyd states: "Notably, Plaintiff did not indicate in his Complaint – as he does now – that Officer Boyd was present in the courtroom when this conversation occurred and that Officer Boyd overheard the exchange between the Plaintiff and Judge Ross." ECF No. 92 at 5-6. Boyd also argues that any custodial relationship that he had over plaintiff does not defeat his qualified immunity claim because a duty of care does not establish a violation of a constitutional right.

*Discussion*

Defendant Boyd states that the issue before the Court is "whether [plaintiff] pleaded sufficient facts to show that Officer Ned Boyd, a U.S. Marshal, displayed deliberate indifference to a serious medical need." ECF No. 92 at 1. However, defendant mistakes the standard on a motion to dismiss. Plaintiff need not "show" a deliberate indifference violation with the facts pled, plaintiff need only allege sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has met this standard here.

Putting aside defendant Boyd's insinuation that it is acceptable for people in a courtroom to not be listening when the Judge is speaking, the Court need not find that Boyd was present at plaintiff's guilty plea in order to find that plaintiff has sufficiently alleged Boyd's knowledge of plaintiff's health problems. Plaintiff states in his complaint that Judge Ross informed him in court that the U.S. Marshals would help him get proper medications and see a psychiatrist, and

6

that is supported by the public record. *See U.S. v. Bryant*, No. 1:17-CR-94-JAR, ECF No. 46 at 25-26. Furthermore, plaintiff alleges that Nurse Charlotte told him that U.S. Marshal Boyd specifically denied his medication request. According to Boyd, this second-hand hearsay statement cannot be relied upon. However, at this point in the litigation, the Court is not relying on the truth of Nurse Charlotte's statement – discovery will ascertain that matter – but instead, the Court relies on the fact that Nurse Charlotte made such a statement to plaintiff. As plaintiff asserts that the statement was made to him in his verified complaint, the statement serves as a basis for plaintiff's knowledge as to which Marshal was specifically denying his medication requests. This provides the foundation for his allegation against Boyd that Boyd had knowledge of plaintiff's medication needs. At this stage in the litigation, all plaintiff must do to survive dismissal under Rule 12(b)(6) is provide sufficient allegations to state a plausible claim for relief – he need not yet prove them. *See Sanchez v. Edgar*, 710 F.2d 1292, 1295 n.1 (7th Cir. 1983) ("[S]ince the ruling here concerns whether the *allegation* establishes jurisdiction, an inquiry into the hearsay basis of the allegation would be premature at this time.") (*citing* Wright & Miller, 5 Federal Practice and Procedure § 1364 at 670 (1969)).

Viewing the facts in the light most favorable to plaintiff, the Court finds that plaintiff has pled sufficient information to allege that Boyd knew about plaintiff's medication needs and deliberately disregarded them. Boyd concedes (and the Court agrees) that plaintiff has pled an alleged medical deprivation that was sufficiently serious to constitute a constitutional violation. As a result, plaintiff has stated a plausible claim against Boyd for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Boyd concedes (and the Court agrees) that plaintiff's Eighth Amendment right to adequate medical care was clearly established at the time of the deprivation. This clearly

established right, plus plaintiff's sufficient allegations of an Eighth Amendment constitutional violation, are sufficient to overcome the defense of qualified immunity. *See Barton v. Taber*, 820 F.3d 958, 965 (8th Cir. 2016) (affirmed denial of qualified immunity in finding allegations in the complaint were sufficient to create an inference that defendant was deliberately indifferent to plaintiff's serious need for medical attention). Defendant Boyd's motion to dismiss will be denied.

## Motion to Stay

Defendant Boyd also asks the Court to stay discovery pending resolution of his claim for qualified immunity or, alternatively, to limit discovery solely to his qualified immunity claim. Upon initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed all claims against defendant Boyd except the deliberate indifference to a serious medical need claim discussed above. Boyd concedes in his motion to dismiss that plaintiff's Eighth Amendment right to adequate health care was clearly established at the time of the deprivation. So the remaining qualified immunity issue for discovery is whether Boyd violated plaintiff's constitutional right to adequate health care – the same issue as the sole claim pending against Boyd. The Court sees no reason to issue an order limiting discovery in such an unnecessary manner. Defendant Boyd can always file another motion on this issue during the discovery process if needed. Defendant Boyd's motion to stay or limit discovery will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Boyd's motion to dismiss [ECF No. 68] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Boyd's motion to stay or limit discovery [ECF No. 93] is **DENIED**.

Dated this 25th day of June, 2019.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE