# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW GLENN BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-117 RLW |
| ) | |
| COUNTY OF CAPE GIRARDEAU, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon four motions to dismiss filed by defendants in this case. On July 8, 2019, defendants Pewitt and Earnheart filed a motion to dismiss based on plaintiff's failure to comply with a June 20, 2019, Case Management deadline for the submission of initial disclosures. *See* ECF Nos. 90, 97. On July 17, 2019, defendants Pewitt, Earnheart, and Advanced Correctional Healthcare, Inc. filed a motion to dismiss based on plaintiff's failure to notify the Court of his address change. ECF No. 101. On July 30, 2019, the same three defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. ECF No. 106. On August 14, 2019, defendant Boyd filed a motion to dismiss for plaintiff's non-compliance with Case Management Order deadlines. ECF No. 115.

*Pro se* prisoner plaintiff has changed incarceration facilities multiple times in the last two months. On June 28, 2019, and again on July 29, 2019, plaintiff notified the Court of a change in address. Now, currently before the Court, plaintiff requests a sixty (60) day extension and notifies the Court that he has again been transferred to a new detention facility. ECF No. 116. Plaintiff also notes in his motion that he expects a final transfer, to the location where he will serve out the remainder of his sentence, in approximately thirty (30) days.

Plaintiff's motion requesting additional time does not specify what deadline he seeks an extension of – it simply requests a sixty-day extension "of [his] case." ECF No. 116. The Court previously ordered that if plaintiff wished to respond to the first two motions to dismiss (ECF Nos. 97 & 101), that his response was due by August 20, 2019. *See* ECF No. 108. Plaintiff has filed no response. Also, according to defendants' motions to dismiss, plaintiff has failed to comply with the June 20, 2019, deadline set out in the Case Management Order. *See* ECF No. 90. Because plaintiff is proceeding *pro se* and his frequent transfers over the last few months are out of his control, the Court will grant an extension of the deadlines in this matter.

## I.     Case Management Order Deadlines

Liberally construing plaintiff's motion for an extension of time as a motion seeking an extension of all missed deadlines, the Court will grant plaintiff's motion and extend the Case Management Order deadlines in this matter. A separate Amended Case Management Order will be issued. Plaintiff is warned that he must comply with these deadlines and if an extension of time is required, plaintiff must request such an extension before the deadline had passed and must provide good cause for his inability to meet such deadline.

## II.    Plaintiff's Responses to Motions to Dismiss

Defendants' motions seeking dismissal based on missed deadlines (ECF Nos. 97 & 115) and motion for failure to notify the Court of plaintiff's change in address (ECF No. 101) will be denied. However, plaintiff is warned that he must keep the Court apprised of his current address under the Local Rules. E.D. Mo. L. R. 2.06(B).

Defendants Pewitt, Earnheart, and Advanced Correctional Healthcare's "motion to dismiss" for failure to state a claim shall remain pending. ECF No. 106. Although defendants' motion is captioned as a motion to dismiss, it is actually a motion for judgment on the pleadings

because defendants filed an answer prior to filing the motion. *See* Fed. R. Civ. P. 12(c), ECF No. 43. "Judgment on the pleadings is appropriate when there is no material issue of fact and the moving party is entitled to judgment as a matter of law." *Country Preferred Ins. Co. v. Lee*, 918 F.3d 587, 588 (8th Cir. 2019) (internal citation omitted). However, when deciding a motion for judgment on the pleadings, the court applies the same standard used for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Edwards v. McSwain*, 2018 WL 4679735, at *3 (E. D. Mo. Sept. 28, 2018). Plaintiff shall have sixty days to file a responsive pleading to defendants' motion for judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Matthew Glenn Bryant's motion for an extension of time [ECF No. 116] is **GRANTED**. A separate Amended Case Management Order will be issued.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update plaintiff's address on the docket sheet to the address he provided in his motion for an extension of time: "Matthew Glenn Bryant, Federal Transfer Center, P.O. Box 898801, Oklahoma City, OK 73189."

**IT IS FURTHER ORDERED** that plaintiff Matthew Glenn Bryant shall have **sixty (60) days** from the date of this order to file his response brief, if any, in opposition to the defendants' motion for judgment on the pleadings (ECF No. 106).

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for failure to comply with case management order deadline [ECF No. 97] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for failure to notify court of change of address [ECF No. 101] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for failure to comply with case management order deadline [ECF No. 115] is **DENIED.**

**Plaintiff is warned that failure to comply with this order could result in dismissal of this matter.**

Dated this 27th day of August, 2019.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE