# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| MATTHEW GLENN BRYANT, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:18-CV-117 RLW |
| COUNTY OF CAPE GIRARDEAU, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon three pending motions: a motion to dismiss (ECF No. 106), a motion to intervene (ECF No. 109), and a motion for appointment of counsel (ECF No. 110). For the reasons discussed below, these motions will all be denied.

The Court recognizes the other pending motions in this matter: plaintiff's motion for appointment of counsel (ECF No. 123) and defendant Ned Boyd's motion to compel plaintiff's signature on records release authorizations (ECF No. 124). Although *pro se* plaintiff seeks appointment of counsel in this matter, the Court reminds him that his pending motion does not negate his responsibility to respond to motions directed at him in this case. Any brief in response to defendant Boyd's motion, must be filed within fourteen (14) days of this Order.

## Background

*Pro se* plaintiff brought this 42 U.S.C. § 1983 action, alleging constitutional violations arising out of a lack of adequate medical care (including mental health care) while he was a pretrial detainee at the Cape Girardeau County Jail. Plaintiff named many defendants in his complaint including twenty-four (24) Jail officials; the company which provides medical care to inmates at the Jail (Advanced Correctional Healthcare, Inc.); two medical employees (Dr. Charles Pewitt and

Nurse Charla Earnheart (improperly named in complaint as 'Nurse Charlotte Unknown')); Cape Girardeau County, Missouri; and U.S. Marshal Ned Boyd.

On November 29, 2018, the Court granted plaintiff *in forma pauperis* status and reviewed his complaint under 28 U.S.C. § 1915(e)(2)(B). As a result of that initial review, the Court directed the Clerk to issue process upon the complaint as to twenty-seven (27) defendants, including: the three defendants related to medical care, Cape Girardeau County, and U.S. Marshal Boyd. ECF No. 9. As of May 21, 2019, twenty-six (26) of the defendants had filed answers and the Court issued a Case Management Order. ECF No. 90. The remaining defendant, U.S. Marshal Boyd, filed a motion to dismiss (ECF No. 68), that was denied on June 25, 2019. ECF No. 95. By July 9, 2019, all defendants had filed answers to the complaint.

On August 27, 2019, the Court granted plaintiff's request for a sixty (60) day extension of all deadlines in this matter and issued an Amended Case Management Order. ECF Nos. 119, 120. The Court also denied two motions to dismiss (ECF Nos. 97, 115) filed by defendants based on plaintiff missing case management deadlines, and a motion against plaintiff for failure to notify the Court of a change in address (ECF No. 101).

## **Motion to Dismiss (ECF No. 106)**

### *I.  Legal Standard for Dismissal*

On July 30, 2019, defendants Dr. Pewitt, Nurse Earnheart, and Advanced Correctional Healthcare, Inc. (hereinafter "medical defendants"), filed a motion to dismiss for failure to state a claim upon which relief may be granted. ECF No. 106. Although medical defendants' motion is captioned as a "motion to dismiss," it is actually a motion for judgment on the pleadings because medical defendants filed an answer prior to filing the motion. *See* Fed. R. Civ. P. 12(c), ECF No. 43. "Judgment on the pleadings is appropriate when there is no material issue of fact and the

2

moving party is entitled to judgment as a matter of law." *Country Preferred Ins. Co. v. Lee*, 918 F.3d 587, 588 (8th Cir. 2019) (internal citation omitted). However, when deciding a motion for judgment on the pleadings, the court applies the same standard used for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Edwards v. McSwain*, 2018 WL 4679735, at *3 (E. D. Mo. Sept. 28, 2018).

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "If the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and

citation omitted). The task of a court then is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")).

## *II.   Plaintiff's Complaint Allegations*

Plaintiff alleges in his complaint that Nurse Earnheart and Dr. Pewitt refused to prescribe him medication for his mental health disorders. Plaintiff states that he had been taking the medications Depakote, Xanax, Zoloft, and Adderall for many years prior to his incarceration, but that he was refused these medications and refused treatment by Nurse Earnheart and Dr. Pewitt upon entering the Cape Girardeau County Jail. Plaintiff alleges that he repeatedly told the individual defendants that he suffered from anxiety, depression, and bipolar disorder in his requests for mental health medications. He also informed Nurse Earnheart of the medical symptoms he was experiencing, including withdrawal symptoms, and told her that he was having suicidal thoughts. According to plaintiff, Nurse Earnheart laughed at plaintiff's statements and sought no immediate medical attention for him.

Plaintiff states that the Cape Girardeau County Jail contracts with defendant Advanced Correctional Healthcare, Inc. to provide medical services at the Jail, but that these services do not include any mental health services. Plaintiff alleges that Advanced Correctional is responsible for having medical policies and programs at the Jail – including a suicide prevention policy and mental health screening procedure – and they do not. Plaintiff also asserts that there are no counselors or psychologists on staff to care for inmates who suffer from mental illnesses. As a result of all these

4

policy and custom deficiencies, plaintiff states that Advanced Correctional has exhibited deliberate indifference to his serious mental health needs.

### *III. Legal Standards: Eighth Amendment Deliberate Indifference and § 1983 Unconstitutional Policy Liability*

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104-05.

It is well established that a private corporation will only be held liable under § 1983 for its own unconstitutional policies – and will not be liable under the doctrine of *respondeat superior* for the actions of its employee. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). To state a claim against Advanced Correctional Healthcare, Inc., plaintiff must allege that a policy or custom of Advanced Correctional inflicted injury actionable under § 1983. *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

5

## IV. *Arguments of the Parties*

Medical defendants seek judgment on the pleadings, arguing that plaintiff's complaint fails to present a viable claim of deliberate indifference to his serious medical needs because it only contains vague and conclusory allegations that do not rise to the level of a constitutional violation. Specifically, defendants assert that: (1) plaintiff did not have a serious medical need and (2) plaintiff fails to allege defendants had actual knowledge of a risk of harm that they ignored. Medical defendants argue that it is not enough to state a serious medical need to allege that plaintiff was previously prescribed mental health medications by other physicians, because they are allowed to use their independent medical judgment to refuse the request of a prisoner, such as plaintiff, for a specific course of medical treatment. Defendant Advanced Correctional Healthcare, Inc., makes no argument as to whether it has any policies or customs in place at the Cape Girardeau County Jail for screening or treating mental health issues, or preventing suicide by inmates.

The Court ordered that any response from plaintiff in opposition to defendants' motion must be filed by September 26, 2019. *See* ECF No. 119. As of the date of this Order, plaintiff has filed no response.

## V. *Discussion*

Plaintiff's allegations against medical defendants are sufficient to survive dismissal under Rule 12(b)(6), Fed. R. Civ. P. Medical defendants argue that "plaintiff's complaint does not provide any details" on medications prescribed and medical treatment refused. ECF No. 107 at 4. But in order to survive dismissal at this stage of the proceeding, a complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555. Plaintiff states enough factual allegations for a plausible claim for relief against these defendants.

The Eighth Circuit Court has recognized that mental health needs can constitute "a serious medical need" under the Eighth Amendment deliberate indifference standard. *See Bell v. Stigers*, 937 F.2d 1340, 1343 (8th Cir. 1991), *overruled on other grounds*, ("Medical needs encompass treatment for mental ills as well as aid for the prisoner's physical maladies."). *See also Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991) ("[T]he eighth amendment also protects against deliberate indifference to an inmate's serious mental health and safety needs"); *Partridge v. Two Unknown Police Officers of City of Houston, Tex.*, 791 F.2d 1182, 1187 (5th Cir. 1986) ("A serious medical need may exist for psychological or psychiatric treatment, just as it may exist for physical ills."). Here, plaintiff adequately alleges he suffers from objectively serious medical needs: mental health disorders that requires medication and serious symptoms resulting from the lack of those medications.

Plaintiff also adequately alleges that medical defendants actually knew of his medical needs, and they deliberately disregarded them by refusing to provide necessary medications and treatment. Plaintiff informed Nurse Earnheart and Dr. Pewitt of his previous medical diagnoses and prescribed medications. He also told Nurse Earnheart of his suicidal thoughts. Despite having this actual knowledge, Earnheart and Dr. Pewitt provided no mental health medications or treatment. Accepting these factual allegations as true, plaintiff has stated a plausible claim for relief against Nurse Charla Earnheart and Dr. Charles Pewitt.

Plaintiff also states a sufficient claim for § 1983 liability against private corporation defendant Advanced Correctional Healthcare, Inc., in alleging that its policy and customs inflicted actionable injury. Defendant Advanced Correctional does not assert any argument otherwise in its motion.

## Motions by Darnell Moon to Intervene and for Appointment of Counsel for Plaintiff
## (ECF Nos. 109, 110)

Darnell W. Moon,[1] currently incarcerated at the U.S. Penitentiary in Marion, Illinois, seeks to intervene in this matter as a matter of right under Federal Rule of Civil Procedure 24(a).[2] ECF No. 109. Moon states that he prepared plaintiff's § 1983 complaint in this matter at plaintiff's request, and that he was a witness to some of the events alleged by plaintiff in his complaint. Moon argues that he "has a legitimate interest in seeing plaintiff prevail in this civil action." ECF No. 109 at 2. Moon then asserts his own accusations against defendants, including U.S. Marshal Ned Boyd and Advanced Correctional. Moon also filed a motion seeking appointment of counsel for his "friend," plaintiff Matthew Glenn Bryan, asserting that appointed counsel would guarantee plaintiff would receive his legal mail and assist plaintiff with legal research and responding to motions. ECF No. 110. Medical defendants and defendant U.S. Marshal Boyd filed opposition briefs to Moon's motions. ECF Nos. 113, 117.

Moon's arguments are insufficient to mandate intervention under Rule 24. Moon has not cited a federal statute giving him an unconditional right to intervene, nor has he stated any "interest relating to the property or transaction that is the subject of the action," that is not adequately represented by plaintiff. Fed. R. Civ. P. 24(a)(1), (2). Moon's interests as a third-party witness

---

[1] According to a review of the Court's records, Darnell W. Moon is a frequent *pro se* filer of lawsuits in this court and others, having filed approximately twenty cases in this Court in the last ten years. According to defendant Boyd's opposition brief to Moon's motion to intervene, Moon has filed at least eighty-five lawsuits in U.S. district courts and twenty-two circuit appellate courts since 2008. ECF No. 117 at 2-3. Boyd also states that Moon has accumulated three strikes under the Prison Litigation Reform Act (PLRA), 29 U.S.C. § 1915(g). The Court notes that because of Moon's three strikes, if he were to file his own suit in this Court with the allegations he raises in his motion against defendants, Moon would not be granted *in forma pauperis* status and would be required to pay the full filing fee in order to proceed.

[2] Federal Rule of Civil Procedure 24 states in relevant part:
    (a) On timely motion, the court must permit anyone to intervene who:
        (1) is given an unconditional right to intervene by a federal statute; or
        (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

and as a friend of plaintiff are not "direct, substantial, and legally protectable" interests cognizable under Rule 24. *See Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (internal citation omitted). Moon has stated no interest in any injury suffered by plaintiff as a result of allegedly inadequate medical care at the Cape Girardeau County Jail, that requires intervention here. *See also In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2008 WL 4966722, at *1 (E.D. Mo. Nov. 19, 2008) (denying motion to intervene from frequent filer of frivolous lawsuits who claimed he had "information pertaining to the case.").

Moon's motion for counsel for plaintiff will also be denied because Moon lacks standing to request such relief. The privilege of appointment of counsel by the Court belongs to the person for whom counsel is sought. *See U.S. v. Harding*, 864 F.3d 961, 965 (8th Cir. 2017) (finding defendant lacked standing to challenge the court's decision not to appoint counsel for a third-party witness).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by defendants Dr. Charles Pewitt, Charla Earnheart, and Advanced Correctional Healthcare, Inc. [ECF No. 106], construed as a motion for judgment on the pleadings, is **DENIED**.

**IT IS FURTHER ORDERED** that Darnell W. Moon's motion to intervene [ECF No. 109] is **DENIED**.

**IT IS FURTHER ORDERED** that Darnell W. Moon's motion for appointment of counsel for plaintiff [ECF No. 110] is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff shall have **fourteen (14) days** from the date of this order to file his response brief, if any, in opposition to defendant Ned Boyd's motion to

compel (ECF No. 124).  **The Court warns that plaintiff's failure to timely comply with this Order could result in the granting of defendant's motion in this action.**

Dated this 21st day of November, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE