**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW GLENN BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-117-SEP |
| | ) | |
| NED BOYD, U.S. Marshal for the Eastern | ) | |
| District of Missouri, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants' Joint Motion to Stay Discovery (Doc. [144]).  Although the deadline for Plaintiff Matthew Bryant's ("Bryant") response has not passed, Bryant never responded to an earlier-filed Motion to Stay (Doc. [132]), and the deadline for the completion of all discovery in this case is now imminent.  Therefore, the Court will consider this motion immediately.  For the reasons below, Defendants' Joint Motion to Stay Discovery will be granted.

## Background

Defendants are employees of the Cape Girardeau County Jail ("Jail") in Cape Girardeau, Missouri.  Bryant alleges that Defendants denied him proper medical treatment in violation of his civil rights while he was incarcerated in the Jail.  Doc. [1].  Specifically, Bryant alleges that the Jail's officers and medical staff violated his Eighth and Fourteenth Amendment rights by failing to prescribe him medically necessary medications, failing to provide adequate mental health treatment, and failing to provide substance abuse treatment.  *Id*. at ¶¶ 22-28.

The Court issued an Amended Case Management Order on August 27, 2019, which gave the parties until October 28, 2019, to complete their Rule 26(a) Initial Disclosures. Doc. [120]. Bryant has not produced his Initial Disclosures, nor has he responded to Defendants' various discovery requests. Defendants have filed several motions to compel Bryant to comply with his discovery obligations. Docs. [124], [130], [136], [139]. To date, Bryant has neither complied with Defendants' requests nor responded to their motions to compel. Defendants Pewitt and Earnheart have moved to dismiss this case under Rule 41(b) for Bryant's failure to comply with this Court's Amended Case Management Order. Doc. [127].

In this most recent motion to stay discovery until the Court rules on the pending motions, Defendants again cite Bryant's noncompliance and the adverse consequences for Defendants of denying a stay. Doc. [144]. They also point to the practical impediments caused by the Covid-19 pandemic as an additional rationale for a stay. *Id.*

## Discussion

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (addressing a stay pending arbitration and finding a district court has "the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). The issuance of a stay is "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (discussing a stay pending adjudication of the petitioner's petition for review of a Board of Immigration Appeals' removal order) (internal quotation marks omitted)

(quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926)). The litigant seeking the stay bears the burden of showing that the circumstances justify a stay. *Id*. at 433-34.

"When determining whether to stay discovery, the Court should consider the following factors: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Benford v. Grisham*, No. 1:18 CV 5 JMB, 2019 WL 1359255, at *1 (E.D. Mo. March 26, 2019) (citing *Allen v. Agreliant Genetics, LLC*, 2016 WL 5416418, at * 2 (N.D. Iowa Sept. 26, 2016)).

The Court finds that these factors weigh in favor of a stay of discovery in this case. Defendants' arguments for dismissal are colorable. The breadth of discovery in this case is substantial, and the Covid-19 pandemic will only compound the difficulty the parties have experienced obtaining discovery. A stay will cause Bryant no unfair prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (Doc. [144]) is **GRANTED**.

Dated this 27th day of March, 2020.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE