UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW GLENN BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-117-SEP |
| ) | |
| COUNTY OF CAPE GIRARDEAU ) | |
| District of Missouri, et al., ) | |
| ) | |
| Defendants. ) | |

**Memorandum and Order**

This matter is before the Court on Plaintiff Matthew Glenn Bryant's ("Bryant") current and fourth Motion to Appoint Counsel (Doc. [149]) and on three pending Motions to Dismiss brought by Defendants. Docs. [127], [130], [139]. The first was brought by Defendants Pewitt and Earnheart under both Rule 26(a) and Rule 41(b), for Plaintiff's failure to comply with his initial disclosures by the date provided in the Case Management Order. Docs. [127] and [128]. The second was brought by Defendant County of Cape Girardeau and is a Motion to Compel and/or for Dismissal. Doc. [130]. The third is a Motion to Compel and/or for Dismissal filed on February 25, 2020, by Defendant Cape Girardeau County, based again on Plaintiff's lack of response to multiple discovery requests. Doc. [139]. For the reasons stated below, the Court will deny Plaintiff's Motion to Appoint Counsel, grant the Motion to Dismiss under 41(b) (Doc. [127] and [128]), and dismiss this case without prejudice.

**I.      Background**

On May 21, 2018, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out of lack of medical care at the Cape Girardeau County Jail.

1

Plaintiff has a history of mental illness and has taken prescription medications to treat multiple mental health problems for much of his life.  He claims that, while incarcerated at the Cape Girardeau County Jail, he was denied necessary medications after specifically requesting them.  Plaintiff brought suit against many defendants, including the County of Cape Girardeau and Ned Boyd, the U.S. Marshal for the Eastern District of Missouri.

Plaintiff filed his complaint pro se but immediately requested appointed counsel.  Doc. [3].  Plaintiff stated he needed an attorney because of the complicated medical issues in the case.  That request was denied on November 29, 2018, because neither the factual nor legal issues were complicated enough to warrant appointment of counsel.  Doc. [9].  On March 22, 2019, Plaintiff filed a second Motion to Appoint Counsel, (Doc. [73]), citing his inadequate legal skills, but that request also was denied.  Doc. [80].  On October 24, 2019, Plaintiff filed a third request, (Doc. [123]), which was denied because it did not assert a basis different from his earlier motions.  Doc. [129].  Plaintiff's current Motion to Appoint Counsel was filed on September 28, 2020, and Plaintiff now requests an attorney because of his mental health issues, his lack of legal knowledge, and his lack of access to a law library.  Doc [149].

Also at issue are Defendants' several motions to dismiss.  On July 8, 2019, Defendants Pewitt and Earnheart moved to dismiss this case under Rule 41(b) after Plaintiff failed to submit his initial disclosures by the date provided in the Case Management Order.  Docs. [97] and [98].  Defendant Boyd filed a similar motion roughly one month later.  Doc. [115].  In response to these motions, Plaintiff requested a 60-day extension "on [his] case."  Doc. [116].  The Court was unsure what deadline Plaintiff sought to extend, but liberally construed Plaintiff's request as a motion seeking extension of all missed deadlines.  Doc. [119].  The Court granted Plaintiff's motion but warned him that all future extensions would be contingent upon a timely request and

2

showing of good cause. *Id*. Despite this 60-day extension, Plaintiff still did not complete his initial disclosures. Instead, he requested another 60-day extension, Doc. [126], which was denied. Doc. [129].

Defendants Pewitt and Earnheart filed another Motion to Dismiss on December 30, 2019, based on Plaintiff's continued failure to complete his initial disclosures, which is the first of the three dismissal motions that are currently pending. Doc. [127]. On January 1, 2020, Defendants filed a Motion to Compel and/or for Dismissal because Plaintiff still had not responded to any discovery requests. Doc. [130]. Defendant Cape Girardeau County then filed a pending Motion to Compel and/or for Dismissal on February 25, 2020, based again on Plaintiff's lack of response to multiple discovery requests. Doc. [139]. To this day, Plaintiff has not responded to any of these three motions.

On August 28, 2020, the Court issued an Order requiring Plaintiff to show cause why Defendant's December 30, 2019, Motion to Dismiss under Rule 41(b) should not be granted. Doc. [146]. The Court gave Plaintiff three weeks to respond to its Order to Show Cause, but Plaintiff responded 10 days later with a Motion for Extension of Time to File Response/Reply, requesting a 90-day extension due to the COVID-19 pandemic and lack of adequate access to a law library. Doc. [147]. In its Order to Show Cause, the Court articulated its concern that Plaintiff's failure to respond to Defendants' filings may have been due to his not receiving notice of activity in this case, (Doc. [146]) but Plaintiff's prompt response to the Court's August 28th Order alleviated that concern. Given Plaintiff's evident receipt of the Court's Order and the fact that responding to it should not have required legal research or argumentation, the Court denied Plaintiff's request for 90 extra days, but granted him an additional week to respond to the Order to Show Cause, giving Plaintiff until September 25, 2020. Doc. [148].

On September 25, 2020, rather than responding to the Order to Show Cause, Plaintiff filed another Motion to Appoint Counsel.  Doc. [149].  Plaintiff stated that he "ha[s] not ignored the courts orders," that he "ha[s] been transferred to many different facilities," and that he "find[s] it hard to answer motions" because he is not familiar with the law, does not have adequate access to a law library, and also does not get his mail in a timely manner.  *Id.*  He also claims to have "requested an attorney many times because of [his] mental health issues" but been denied.  *Id.*

**II.    Discussion**

There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  The Eighth Circuit has provided a list of factors for district courts to consider when deciding whether appointing counsel is warranted.  These include the "factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims."  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  The Court denied Plaintiff's previous Motions to Appoint Counsel because this case lacks complex legal or factual issues.  Doc. [9], [80], [129].  Because Plaintiff has asserted no new facts or legal claims since those motions were denied, there is no new basis for the appointment of counsel on the basis of the case's complexity.

Contrary to Plaintiff's claim in his most recent request, his previous three were not based on his "mental health issues." Docs. [3], [73], [123].  That ground for the appointment for counsel is new, and Plaintiff offers no facts to support the suggestion that his "mental health issues" prevent him from litigating his case.  Neither does he persuade the Court that the limitations of incarceration (e.g., failure to get his mail promptly and lack of "adequate access"

4

to a law library) make him peculiarly ill-equipped to prosecute his case. Many of the Court's pro se litigants contend with similar obstacles, and the Court is prepared to make significant allowances for them provided a Plaintiff proceeds as diligently as possible and in good faith. Plaintiff here has failed to demonstrate that any such structural limitation explains his failure to respond to *so many* filings over *so long*. Since this Court issued its Order to Show Cause, one month ago, Plaintiff has provided *two* responses—both cogent, timely, and even strategically sophisticated. Therefore, the Court finds no basis for concluding that Plaintiff's circumstances prevent him from investigating the facts or presenting his claims. Accordingly, Plaintiff's fourth Motion to Appoint Counsel is denied.

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case based on a plaintiff's failure to prosecute or a plaintiff's failure to comply with a court order. Here, despite an initial extension, followed by repeated motions from Defendants and the passage of considerable additional time, Plaintiff still has not answered Defendants' requests or filings. The initial Case Management Order was filed May 21, 2019, requiring initial disclosures by June 20, 2019. Doc. [90]. More than a year later, Plaintiff has still not complied with that requirement. Defendants forwarded Plaintiff various interrogatories and requests for production on or about September 20, 2019, and sent a letter to Plaintiff requesting a response on January 31, 2020, but Defendants have still not received any response from Plaintiff. Defendants have moved to dismiss for failure to disclose initial filings and to respond to these multiple discovery requests. Plaintiff has failed to respond to any of those motions.

The Court is sympathetic to Plaintiff's constraints, but those constraints do not adequately explain, much less justify, the duration and consistency of his failure to respond to Defendants' filings—especially when juxtaposed with his cogent and timely responses to the

Court.  The Court will therefore grant Defendants' Motion to Dismiss under Rule 41(b) for failure to prosecute Doc. [127] and deny the remaining two pending Motions to Dismiss as moot. The Court hastens to note that its dismissal of Plaintiff's Complaint will be without prejudice, leaving Plaintiff free to refile his lawsuit when he is prepared to litigate it, provided he complies with any applicable statutory limitations.  *See Johnson v. Crockett*, 541 F. App'x 727, 728 (8th Cir. 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. [149]) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. [127]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to prosecute.

**IT IS FINALLY ORDERED** that all other pending motions are **DENIED** as moot. (Docs. [130], [132], [136], [139], and [140]).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of September, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE